(39 Misc. Rep. 351.)

CITY OF NEW YORK v. HENDERSON et al.

(Supreme Court, Appellate Term. November, 1902.)

1. ACTION FOR PENALTY—SELLING COAL UNDER WEIGHT.
    In an action against a coal dealer for the penalty imposed by Laws 1900, c. 327, § 150, for selling less than 2,000 pounds in weight to a ton of coal, where plaintiff proves that the coal weighed only 1,870 pounds at a public scale, defendant must show that the coal, when it left defendant's yard, weighed 2,000 pounds.

Appeal from municipal court, borough of Manhattan, Third district.

Action by the city of New York against Robert Henderson and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

George L. Rives, Corp. Counsel, for appellant.

G. A. C. Barnett, for respondents.

BLANCHARD, J. This is an appeal from a judgment of the municipal court in favor of the defendants, dismissing the complaint. The action was brought to recover a penalty of $50 from the defend-

ants for a violation of section 150, in article 10, c. 327, of the Laws of 1900, which provides as follows:

"A person, firm or corporation, in a city of the first or second class attempting to sell or deliver less than two thousand pounds by weight to a ton of coal, shall be liable to a penalty of not exceeding fifty dollars, provided that in all cases thirty pounds to a ton shall be allowed for the variation in scales and wastage."

In November, 1901, the defendants sold what purported to be a ton of coal to a resident of this city, who, on paying for the coal, requested that it be weighed on a public scale. Pursuant to that request, the coal was weighed, and was found to be wanting 130 pounds; the net weight of the coal being 1,870 pounds, instead of 2,000 pounds as required by the statute cited. The coal was weighed by a weighmaster at 295 Ninth avenue, in this city, on scales owned by Thomas Thedford, which had been designated by the mayor as public scales suitable for the purpose of weighing coal, as provided by section 153 of the said law. The plaintiff's proof was directly and positively to the effect that when the coal was weighed on the duly designated public scales, under circumstances which showed that the weighing was carefully and accurately done, the weight of the coal showed a shortage of 130 pounds to the ton. There is no evidence in the record that the plaintiff's two witnesses were not entirely truthful and unbiased. The mere fact that the scales were at the yard of Thedford & Son, a competitor of defendants in business, should not override the presumption that plaintiff's witnesses told the truth. They had no personal interest whatever in the result of the weighing of the coal. The scales at Thedford's yard were selected by defendants' driver, and it may be assumed that he would not have selected them if he had entertained any doubt of their accuracy. He attended at the weighing of the coal, and it does not appear that he did not accept as accurate the weight as shown by plaintiff's scales. There was but one way to satisfactorily meet the plaintiff's proof. The defendants should have shown that when the coal left their yard it weighed 2,000 pounds, as it is not claimed that any of the coal was lost from the cart in transit. This the defendants failed to do. The defendant Henderson testified that at the time the coal was weighed by him at his yard his scales were tested, "as near as I can remember"; that "I do not remember balancing them that day," and that they balanced, "as far as I know"; and that the coal weighed on his scales 2,000 pounds "as near as I can remember." This testimony is no proof whatever that the coal weighed 2,000 pounds when it was weighed at the defendants' yard. The judgment of the municipal court dismissing the complaint was against the weight of evidence, and is therefore reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.